**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**CHASE HENDLEY**                                                                    **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO. 1:25-CV-75-GNS**

**RUSSELLVILLE POLICE DEPARTMENT** *et al.*                          **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Chase Hendley initiated the instant *pro se* 42 U.S.C. § 1983 civil-rights action. Upon consideration of Plaintiff's application to proceed without prepayment of fees, **IT IS ORDERED** that the application (DN 3) is **GRANTED**. Because Plaintiff is proceeding *in forma pauperis*, the Court must screen this action pursuant to 28 U.S.C. § 1915(e)(2). For the following reasons, the action will be dismissed.

**I.**

Plaintiff sues the Russellville Police Department (RPD), the Logan County Sheriff's Department (LCSD), and Officer Vargus, Sgt. Josh Kennedy, and Deputy Smith in their official capacities only.

Plaintiff alleges that on March 25, 2023,[1] he was "forcefully removed from my vehicle by such individuals because I asked to be provided w/ reasonable articulate suspicion that I committed a crime before providing ID." He states:

> Sgt Kennedy order the officers to remove me from my vehicle, while physically reaching though my window to unlock my door, and removing my seat belt. As the officers grabbed me with force against my will I complied in fear that my family IE children + girlfriend at the time would witness something horrific.

---

[1] Although the Court does not address it herein, it also appears that this action barred by applicable statute of limitations.

As relief, Plaintiff requests compensation from the Defendants for allowing the above violations of his rights.

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Moreover, although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Neither police departments nor sheriff's departments are entities subject to suit under § 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991). Thus, Plaintiff's claims against the RPD and LCSD are properly construed as brought against the City of Russellville and Logan County, respectively. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Moreover, because Defendants Vargus, Kennedy, and Smith are employees of either the City of Russellville or Logan County, Plaintiff's official-capacity claims against him are also actually against those government entities. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 558, 690 n.55 (1978)).

When a § 1983 claim is made against a county or municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality or county is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality or county cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal

or county policy or custom and the alleged constitutional deprivation.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Here, Plaintiff does not allege that his constitutional rights were violated due to a custom or policy of Simpson County.  He alleges an isolated incident affecting him only.  Thus, this action must be dismissed for failure to state a claim upon which relief may be granted.

**IV.**

The Court will enter a separate Order dismissing this action for the reason set forth herein.

Date:  July 8, 2025

Greg N. Stivers, Chief Judge
United States District Court

cc:    Plaintiff, *pro se*
4416.011